Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paige James, | Case No. 8:24-cv-2377 |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Westlake Services, LLC and Coastline Recovery Services, Inc., | |
| Defendants. | |

## NATURE OF ACTION

1. Plaintiff Paige James ("Plaintiff") brings this action against Defendants Westlake Services, LLC ("Westlake") and Coastline Recovery Services, Inc. ("CRS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff is a natural person that at all relevant times resided in Anaheim, California.

5.      Westlake is a California limited liability company that regularly conducts business in California.

6.      Westlake, as part of its business, regularly purchases consumer paper in the form of automobile loans.

7.      Westlake is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8.      At all relevant times, CRS was an entity using instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the enforcement of security interests.

9.      CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.   CRS is a "debt collector" for the purposes of 15 U.S.C. § 1692f(6).

11.   CRS, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

12.   CRS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13.   On or about March 9, 2022, Plaintiff purchased a 2021 Hyundai Elantra (the "Vehicle") from non-party, Russell Westbrook used Car Superstore.

14.   In connection with the transaction, Plaintiff executed a loan agreement (the "Contract").

15.   As part of the Contract, Plaintiff provided the seller and its assignees a security interest in the Vehicle.

16.   Thereafter, the Contract was assigned to Westlake.

17.   Westlake is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

18.   The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

19.   Plaintiff purchased the Vehicle for personal, family, and household use.

20.   The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

21. Thereafter, Westlake engaged its repossession agent, CRS, to repossess the Vehicle.

22. Prior to June 14, 2024, Plaintiff was a victim of domestic violence and rendered homeless.

23. In the early morning hours of June 14, 2024, Plaintiff was sitting in the Vehicle as it was parked in the parking lot of a local Motel 6 located in Westminster, California.

24. Around this time, CRS located the Vehicle and decided to repossess it.

25. Suddenly, CRS collided with the Vehicle, forced a tow bar under the Vehicle's wheels, and lifted the Vehicle while Plaintiff occupied it.

26. Plaintiff immediately protested the repossession.

27. CRS refused to cease the repossession and instead continued it over Plaintiff's protests.

28. A loud and rowdy conformation erupted.

29. A bystander, John Hoop, observed what had happened.

30. Mr. Hoop then intervened and joined the confrontation.

31. CRS eventually threatened to call the police and told Plaintiff she would be arrested.

32. CRS further threatened to steal Plaintiff's personal property from the Vehicle.

33. Using the fear of arrest or violence at the hand of the police and the theft of her personal effects, CRS completed the repossession over Plaintiff's protests.

## COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### CRS

34. Plaintiff repeats and re-alleges each factual allegation above.

35. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Cal. Com. Code § 9609(b)(2).

36. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession. *Id*.

37. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a

breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

38.     Plaintiff and Mr. Hoop protested the repossession.

39.     Once they protested the repossession, CRS lost the right to continue with the repossession

40.     Nonetheless, CRS continued with its repossession and thereby breached the peace.

41.     A repossession agent's use of force is a breach of the peace. *Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace); *Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785

(Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

42.     More specifically, a repossession agent breaches the peace if he uses force on the body of a consumer by lifting a vehicle while it is occupied. *See Hansen v. Santander Bank, N.A.*, No. 22-cv-3048 (SRN/TNL), 2023 U.S. Dist.

LEXIS 150926, at *15 (D. Minn. Aug. 28, 2023) (collecting cases); *Nieves v. Able Auto Adjusters*, No. CV-18-8262 (AGRx), 2019 U.S. Dist. LEXIS 239628, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019) (attempting to repossess a car while occupied is a breach of the peace); *Sinegal v. Big Horn Auto Sales, Inc.*, CIVIL ACTION No. H-21-3102, 2022 U.S. Dist. LEXIS 46409, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022) (breach of peace where the tow truck crashed into the plaintiff's vehicle and then lifted it while it was occupied by two people) *Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020) (noting that moving a vehicle while it is occupied sufficiently pleads breach of the peace); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 U.S. Dist. LEXIS 75976, at *9 (N.D. Ill. June 1, 2012) (alleging agent lifted and moved occupied vehicle stated claim for breach of the peace).

43.     By colliding with the Vehicle and lifting it while Plaintiff occupied it, CRS used force on the body of Plaintiff and breached the peace.

44.     A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest

enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

45.     Because CRS breached the peace, it had no right to possession of the Vehicle.

46.     CRS violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession, or no right to possession of the property existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that CRS violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF CAL. COM. CODE § 9609(b)(2)
## WESTLAKE

47. Plaintiff repeats and re-alleges each factual allegation contained above.

48. The official comments to the California Commercial Code provide:

In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party' behalf, including independent contractors engaged by the secured party to take possession of collateral.

Cal. Com. Code § 9609(b)(2) at Official Comment 3.

49. The peace was breached during Westlake's repossession.

50. Westlake violated Cal. Com. Code § 9609(b)(2) when the peace was breached during its repossession.

51.    Under California law, a secured creditor is barred from collecting a deficiency if it violates Article 9 of the UCC. *See* Cal Civ Code § 2983.8(b).

52.    Under the California UCC, a secured party is barred from collecting a deficiency if the collection of the account or enforcement of the security interest are not commercially reasonable. Cal. Com. Code § 9626(b)(2).

53.    Because Westlake's repossession agents, CRS, breached the peace in repossessing Plaintiff's Vehicle, the repossession was undertaken in violation of Article 9 of the UCC.

54.    Because Westlake's repossession agents, CRS, violated California law in enforcing Westlake's security interest, the enforcement of the security interest was not commercially reasonable.

55.    Because Westlake's repossession violated the UCC and was undertaken in a commercially unreasonable manner, Westlake is barred from collecting a deficiency from Plaintiff

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated Cal. Com. Code § 9609(b)(2);

b) Adjudging that because the peace was breached during Westlake's repossession, Westlake is barred and restrained from collecting a deficiency from Plaintiff pursuant to Cal Civ Code § 2983.8(b), and Cal. Com. Code § 9626(b)(2) and Cal. Com. Code § 9625(a);

c) Awarding Plaintiff damages, pursuant to Cal. Com. Code § 9625(c);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.10(a)
## ALL DEFENDANTS

56. Plaintiff repeats and re-allege each factual allegation contained above.

57. CRS violated Cal. Civ. Code § 1788.10(a) by using physical force or violence or any criminal means to cause harm to Plaintiff or Plaintiff's property.

58. Westlake, as the debt collector who hired CRS, is liable for its violation of the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CRS violated Cal. Civ. Code § 1788.10(a);

b) Adjudging that Westlake, as the debt collector that hired CRS, is liable for CRS's violation of the RFDCPA;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**ALL DEFENDANTS**

59. Plaintiff repeats and re-allege each factual allegation contained above.

60. CRS violated 15 U.S.C. § 1692f(6).

61. By violating 15 U.S.C. § 1692f(6), CRS violated Cal. Civ. Code § 1788.17.

62. Westlake violated Cal. Com. Code § 9609(b)(2) when the peace was breached during its repossession.

63. By violating Cal. Com. Code § 9609(b)(2), Westlake violated 15 U.S.C. § 1692e(5).

64. By taking possession of the Vehicle after the peace was breached, Westlake violated 15 U.S.C. § 1692f(6).

65. By violating 15 U.S.C. §§ 1692e(5) and 1692f(6), Westlake violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake and CRS violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00 per Defendant;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

66.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 31, 2024          Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff